IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIFFANY TOLBERT, | ) | CASE NO. 1:13 CV 811 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Tiffany Tolbert under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and

---

[1] ECF # 15. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 10.

[4] ECF # 11.

[5] ECF # 5.

[6] ECF # 12.

[7] ECF # 16 (Commissioner's brief); ECF # 14 (Tolbert's brief).

[8] ECF # 16-1 (Commissioner's charts); ECF # 14 at 7-10 (Tolbert's charts).

the fact sheet.[9] Although the matter was initially set for a telephonic oral argument, it has been determined that the case can be adjudicated on the existing record.[10]

## Facts

### A. Background facts and decision of the Administrative Law Judge ("ALJ")

Tolbert, who was 26 years old at the time of the administrative hearing, has a limited education and no relevant past work.[11] She lives with her four children (ages one to seven at the time).[12]

The ALJ, whose decision became the final decision of the Commissioner, found that Tolbert had the following severe impairments: depressive disorder, anxiety disorder, and headaches.[13]

After concluding that the relevant impairments did not meet or equal a listing,[14] the ALJ made the following finding regarding Tolbert's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with the following additional limitations: simple routine tasks with simple, short instructions, can make simple work-relate [sic] decisions, with few workplace changes, cannot

---

[9] ECF # 14 at 1-2 (Tolbert's fact sheet).

[10] *See*, ECF ## 17, 18.

[11] ECF # 11, Transcript of Proceedings ("Tr.") at 25-26.

[12] *Id.* at 326.

[13] *Id.* at 18.

[14] *Id.* at 20.

> perform at a production rate pace, and can have superficial contact with coworkers, supervisors, and the public, meaning no negotiation, arbitration, or confrontation[15]

In arriving at this RFC finding, the ALJ found that, although Tolbert's medically determinable impairments could reasonably be expected to cause the alleged symptoms, he did not find Tolbert's claims as to symptom severity to be credible.[16] Specifically, he noted that Tolbert was inconsistent in what she reported to David House, Ph.D., a consulting examining psychologist, and thus the ALJ gave only "some weight" to his opinions on functional limitations.[17]

Based on an answer to a hypothetical question posed to the vocational expert ("VE") at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs exist regionally and nationally that Tolbert could perform.[18] The ALJ, therefore, found Tolbert not under a disability.[19]

**B.     Issues on judicial review**

Tolbert asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Tolbert asserts three errors for purposes of judicial review:

---

[15] *Id.* at 21.

[16] *Id.* at 22-25.

[17] *Id.* at 24-25.

[18] *Id.* at 26.

[19] *Id.*

- The ALJ's RFC finding is contrary to law because it fails to apply 20 CFR § 404.1527(d);[20]

- The RFC finding is not supported by substantial evidence because it does not follow the report of the only psychologist to examine Tolbert;[21]

- The hypothetical question to the VE did not comprehensively and accurately portray Tolbert's mental limitations, and so the VE's answer cannot be substantial evidence of no disability.[22]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.     Standard of review - substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

---

[20] ECF # 14 at 3.

[21] *Id.*

[22] *Id.* at 4.

> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[23]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[24] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[25]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B.  Application of standard**

This case essentially turns on whether the ALJ properly considered the opinion of Dr. House, a consulting examining source, and then correctly articulated the weight ascribed to that opinion.

First, I observe that Dr. House was not a treating source whose opinion is essentially given a rebuttable presumption of controlling weight by the administrative regulations.[26] Because of that presumption, it is well-established that opinions of treating sources may not

---

[23] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[24] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[25] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[26] *See*, *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 641 (6th Cir. 2013) (citations omitted).

be discounted to something less than controlling weight without good reasons given.[27] This procedural rule of requiring a clear statement of good reasons for ascribing less than controlling weight to an opinion of a treating source lets claimants understand why the opinion of their treating physician was not followed by the ALJ, "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule."[28] Violations of this good reasons requirement of the treating source rule are particularly held to be grounds for remand – unless a recognized harmless error exception applies – as they deprive the claimant of due process.[29]

But, an "ALJ need not give reasons for discounting an examining source's opinion" because such an opinion was never presumptively entitled to any such controlling weight in the first instance.[30] Indeed the Sixth Circuit has recently re-emphasized that where, as here, the opinion under review is from "an examining psychologist – not a treating doctor – his opinion is not entitled to any special deference."[31] Rather, the opinions of non-treating sources are never presumed to have controlling weight, but are assigned weight based on the

---

[27] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (citation omitted).

[28] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

[29] *Id.* at 544-45

[30] *Brooks*, 531 F. App'x at 643 (citing *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2011)).

[31] *Peterson v. Comm. of Soc. Sec.*, __ F. App'x __, 2014 WL 223655, at *6 (6th Cir. Jan. 21, 2014) (citation omitted).

various factors in the regulations, such as "the examining relationship (or lack thereof), specialization, consistency and supportability."[32]

Here, Tolbert seems to assume that Dr. House is a treating source such that the ALJ was required to first determine whether Dr. House's opinion should be given controlling weight, then support that decision with a statement of good reasons, and finally proceed to a determination of what lesser weight to give.[33] In fact, as noted above, such an analysis is only required where the opinion is from a treating source and so would not be required here.[34]

Moreover, it is not necessarily improper to credit the opinion of a reviewing source over that of an examining source. As the Sixth Circuit noted in *Rogers v. Commissioner of Social Security*, an opinion from a later reviewing source that has the benefit of the complete case record may be entitled to greater weight than that of an earlier examiner who conducted a single examination.[35] In fact, as was recognized in *Gayheart v. Commissioner of Social Security*, this preference for the opinion of a reviewing source over that of an examining one may be particularly valid in cases, like here, of psychological impairments.[36]

---

[32] *Gayheart*, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)).

[33] This sequential analysis is the basic good reasons requirement of the treating source rule as re-stated by the Sixth Circuit in *Gayheart*, 710 F.3d 365.

[34] The cases cited by Tolbert (ECF # 14 at 3) to support the argument that the ALJ failed to adequately articulate the reasons for the weight given to Dr. House's opinion – *Hensley v. Astrue*, 573 F.3d 263 (6th Cir. 2009), and *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009) – both deal with treating source opinions, not examining source opinions, and are thus inapposite.

[35] *Rogers*, 486 F.3d at 245 n.4 (citing SSR 96-6p).

[36] *Gayheart*, 710 F.3d at 379-80 (citing SSR 96-6p).

Here, the ALJ discussed the findings of Dr. House in some detail. She noted first his conclusions as to Tolbert's functional limitations (moderate limitations in concentration, persistence, and pace; marked limitation in ability to withstand stress and pressure; mild limitations in adaptability and ability to deal with the public, co-workers and supervisors).[37] She then found that these limitations were entitled to "some" weight because they are "somewhat supported" by the "objective signs and findings" Dr. House noted on examining Tolbert and because Tolbert was inconsistent in what she told Dr. House and what appears elsewhere in the record.[38]

By contrast, the ALJ gave "considerable weight" to the functional limitation findings of the state evaluating sources, which found Tolbert's mental impairments produced mild restrictions on daily living, moderate difficulties with social functioning, and moderate difficulties with maintaining concentration, persistence, and pace.[39] The ALJ made a specific point to note that the particular limitations in the RFC concerning simple routine tasks, short instructions, without working at a production rate pace, were to "account for the claimant's 'moderate' difficulties in maintaining concentration, persistence, or pace, as well as maintaining social functioning, which are discussed in great detail above."[40]

---

[37] Tr. at 24.

[38] *Id.*

[39] *Id.* at 19.

[40] *Id.* at 23.

Given that the ALJ was not required here to conform to the good reasons requirement of the treating physicians rule in dealing with the opinion of Dr. House, it is clear that articulation of reasons for giving Dr. House's opinion only some weight is adequate. In that regard, I note that the ALJ's citation of inconsistencies in Tolbert's statements as a reason for giving lesser weight to Dr. House's opinion mirrors the reasons given by reviewing psychologist Vicki Warren, M.D., for ascribing less weight to Dr. House's opinion.[41] As such, this ability to evaluate the entire record and observe factors that could not be seen in a single examination is precisely why opinions from reviewing sources are permitted to receive greater weight than an opinion from a one-time examiner. While the ALJ's opinion could have benefitted from a clearer, more detailed exposition of this point, the analysis in the opinion, cited above, does provide for meaningful judicial review of the weight given to Dr. House's opinion.

Finally, the limitations in the RFC that Tolbert now contends were unrepresentative of her actual medical condition were, in fact, largely the limitations set forth by the state reviewing psychologist. As noted above, the ALJ expressly noted that she tailored the mental restrictions to conform to limitations recognized by the reviewing source, and further gave a basis for finding that these limitations were more supported by the record evidence than were those set forth by Dr. House. The fact that, under the circumstances described here, these limitations were not identical to those outlined by Dr. House is not error.

---

[41] *See*, Tr. at 105.

## Conclusion

For the reasons stated above, substantial evidence supports the finding of the Commissioner that Tolbert had no disability. Accordingly, the decision of the Commissioner denying Tolbert disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: March 18, 2014                                        s/ William H. Baughman, Jr.
                                                             United States Magistrate Judge